## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**SHANE ANDERS,**
      Plaintiff,                     **Case No. 18-cv-13942**
                                           **HON. GERSHWIN DRAIN**

v.

**J. HENRY LIEVENS,** in his individual and official capacities as the Chairman of the Monroe County Board of Commissioners, and
**MONROE COUNTY BOARD OF COMMISSIONERS,**
      Defendants.

_____/

| | |
|---|---|
| ANDREW A. PATERSON (P18690) | S. RANDALL FIELD (P31841) |
| Attorney for Plaintiff Shane Anders | Rosati, Schultz, Joppich, P.C. |
| 2893 E. Eisenhower Pkwy | Attorneys for Defendants |
| Ann Arbor, MI 48108 | 822 Centennial Way, Ste. 270 |
| (248) 568-9712 | Lansing, MI 48917 |
| aap43@outlook.com | (517) 886-3800 |
| | rfield@rsjalaw.com |

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS [4].

      **NOW COMES,** PLAINTIFF SHANE ANDERS, by and through his legal counsel, ANDREW A. PATERSON, and for his Response to Defendants' Motion to Dismiss [4] ("Response"), states as follows:

## I.     LAW AND LEGAL ANALYSIS

### A. Standard of Review

### Dismissal Under Rule 12(b)(6)

      A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v Westinghouse Elec. Corp.*, 78

F.3d 1125, 1134 (6th Cir. 1996).  "To survive a Rule 12(b)(c) motion to dismiss, a complaint need contain only enough facts to state a claim to relief that is plausible on its face."  *Fed.-Mogul U.S. Asbestos Pers. Injury Trust v Cont'l Gas. Co*., 666 F.3d 384, 387 (6th Cir. 2011).  "In considering whether to grant a defendant's motion to dismiss pursuant to Rule 12(b)(6) a district court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff."  *Kottmyer v Maas*, 436 F.3d 684, 688 (6th Cir. 2005) (citing *Miller v Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).  The Court's function "is not to weigh the evidence or assess the credibility of witnesses but rather to examine the complaint and determine whether the plaintiff has pleaded a cognizable claim."  *Marks v Newcourt Group, Inc*., 342 F.3d 444, 452 (6th Cir. 2003) (internal citations omitted).

Pursuant to the Supreme Court's holding in *Bell Atlantic Corp v Twombly*, 550 U.S. 544, 127 S. Ct. 1955 167 L.Ed.2d 929 (2007) ("*Twombly*"), to survive a motion to dismiss, a complaint, need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action..."  550 U.S. at 570.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v Iqbal*, 556 U.S. 662, ____, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at

570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts 'to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].'" *Twombly*, 550 U.S. at 556. Accordingly, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Coley v Gibson*, 355 U.S. 41, 45-46, 2 L.Ed.2d 80, 78 S. Ct. 99 (1957); see also *Mayer v Mylod*, 988 F.2d 635, 637-638 (6th Cir. 1993).

Plaintiff's complaint [1] "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663, 129 S. Ct. at 1949, and it pleads and sets forth "enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Moreover, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the fact finder." *Twombly*, 550 U.S. at 563 n.8.

Therefore, on such basis, Defendants' motion to dismiss [4] pursuant to Fed.R.Civ.P. 12(b)(6) should be denied.

### B.    Plaintiff Anders Has A Cognizable 42 U.S.C. § 1983 First Amendment Retaliation Claim.

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal constitution or laws and must show that the violation was committed by a person acting under color of state law." *Flanory v Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (citing *West v Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L.Ed.2d 40 (1988)).  In the present case, Plaintiff Anders has thoroughly and sufficiently pled and alleged that Defendants retaliated against Plaintiff Anders as a result of Plaintiff Anders exercising his First Amendment rights.

### 1. *Plaintiff Anders Sufficiently Alleges A Violation of A Constitutional Right*.

Plaintiff Anders specifically alleges in Count I of the complaint [1] that Defendant Lievens, acting under the color of state law, retaliated against the Plaintiff after Plaintiff verbally expressed to Defendant Lievens that Plaintiff would not be releasing the trailer free of charge to Defendant Lievens' employee and that Plaintiff would be petitioning the bankruptcy court to allow Plaintiff to deal with Defendant Lievens' employee directly with respect to the payment of storage fees for the trailer and that Defendant Lievenes' interference in the matter

was suspicious and a possible violation of law.  *See* Docket No. 1 Complaint, at ¶¶ 24-48. Defendant Lievens then began retaliating against the Plaintiff by spreading false and defamatory statements throughout the community falsely accusing Plaintiff of violating the law.  *See* Docket No. 1 Complaint, at ¶¶ 24-48.

Defendant Lievens' actions constituted an adverse action against the Plaintiff because Defendant Lievens' conduct was a form of harassment aimed at publicizing false information that was damaging to Plaintiff's reputation and because of the position Defendant Lievens' holds, Defendant Lievens' statements threatened Plaintiff's business and employment.  *Fritz v Charter Twp*., 592 F.3d 718, 724,728 (6th Cir. 2010) (Actions sufficient to constitute an adverse action also include "harassment or publicizing facts damaging to a person's reputation," or a "credible threat to the nature and existence of one's ongoing employment.")

"It is evident that the First Amendment right to criticize public officials is well-established and supported by ample case law."  *Barrett v Harrington*, 130 F.3d 246, 264 (6th Cir. 1997), cert. denied, 118 S. Ct. 1517, 140 L.Ed.2d 670 (1998).  "It is well-settled that the freedom to criticize public officials and expose their wrongdoing is a fundamental First Amendment value, indeed, '[c]criticism of the government is at the very center of the constitutionally protected area of free discussion.'"  *Arnett v Myers*, 281 F.3d 552, 560 (6th Cir. 2002) (quoting *Rosenblatt v Baer*, 383 U.S. 75, 85, 86 S. Ct. 669, 15 L.Ed.2d 597 (1966)).  "Since

the day the ink dried on the Bill of Rights, '[t]he right of an American citizen to criticize public officials and policies…is the central meaning of the First Amendment.'"  *McCurdy v Montgomery County*, 240 F.3d 512, 520 (6th Cir. 2001) (quoting *Glasson v City of Louisville*, 518 F.2d 899, 904 (1975)).

Plaintiff Anders' public criticism of Defendant Lievens' conduct are protected by the First Amendment.  "As a general principle, "[t]here can be no doubt that the freedom to express disagreement with state action, without fear of reprisal based on the expression, is unequivocally among the protections provided by the First Amendment."  *Barnes v Wright*, 449 F.3d 709, 717 (6th Cir. 2006) (quoting *McCurdy*, 240 F.3d at 520).  "Freedom to criticize public officials and expose their wrongdoing is at the core of First Amendment values, even if the conduct is motivated by personal pique or resentment." *Barrett v Harrington*, 130 F.3d 246, 263 (6th Cir. 1997).

"Furthermore, it is well-established that a public official's retaliation against an individual exercising his or her First Amendment rights is a violation of §1983." *Barrett*, 130 F.3d at 264.  In fact, "the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out[.]"  *Hartman v Moore*, 547 U.S. 250, 256, 126 S. Ct. 1695, 164 L.Ed.2d 441 (2006) (citations omitted).  Thus, it is clear, Plaintiff

Anders had a protected First Amendment right to openly criticize the Defendant Lievens without being subjected to retaliatory actions by Defendant Lievens.

2.   **Defendant Lievens Was A State Actor Acting Under the Color of State Law.**

"The traditional definition of acting under color of state law requires that the defendant...exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v Atkins*, 487 U.S. 42, 49-50, 101 L.Ed.2d 40, 108 S. Ct. 2250 (1988). "Section 1983 is generally not implicated unless a state actor's conduct occurs in the course of performing an actual or apparent duty of his office, or unless the conduct is such that the actor could not have behaved as he did without the authority of his office." *Waters v City of Morristown*, 242 F.3d 353, 359 96th Cir. 2001) (internal citations and quotations omitted).

In *United States v Classic*, the Supreme Court held that "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." 313 U.S. 299, 326, 85 L. Ed. 1368, 61 S. Ct. 1031 (1941). However, "[a] person acts under color of state law when he abuses the position given to him by the state." *Waters*, 242 F.3d at 359. "[I]f an individual is possesses of state authority and purports to act under that authority, his action is state action. It is irrelevant ... that the particular action which he took was not authorized by state law." *Griffin v*

*Maryland,* 378 U.S. 130, 135, 12 L.Ed.2d 754, 84 S. Ct. 1770 (1964). "The key determinant is whether the actor intends to act in an official capacity or to exercise official responsibilities pursuant to state law." 242 F.3d at 359.

In the case at bar, it is undisputed that Defendant Lievens was "acting under the color of state law" because Defendant Lievens, at all times, introduced himself as the Chair of the Monroe County Commission and at all times was acting in his official capacity as the Chair of the Monroe County Commission.

## C.    Plaintiff Anders' First Amendment Retaliation Claim.

"With regard to the second element of a § 1983 claim, when the alleged violation of federal law is that a government official retaliated against a plaintiff for exercising his constitutional rights, as in this case, the plaintiff must ultimately prove three sub-elements: (1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct." *Mezibov v Allen*, 411 F.3d 712, 717 (6th Cir. 2005) (citing *Thaddeus-X v Blatter*, 175 F.3d 378, 394 (6th Cir. 1994) (*en banc*)).

### 1.  *Plaintiff Anders Was Engaged In Protected Conduct.*

"The threshold question in a right-to-petition case under the First Amendment caselaw of this and other circuits is... 'whether the plaintiff's conduct

Page **8** of 25

deserves Constitutional protection.'"  *Campbell v PMI Food Equip. Group*, 509

F.3d 776, 789 (6th Cir. 2007) (quoting *Reichert v Draud*, 701 F.2d 1168, 1170 (6th

Cir. 1983)).

In this case, it is undisputed that Plaintiff Anders was engaged in protected

conduct.  Specifically, Plaintiff Anders properly pled and alleged that he properly

refused Defendant Lievens attempts to have Plaintiff release the stored property

without first petitioning the bankruptcy court and further advised Defendant

Lievens that he believed Defendant Lievens interceding in the matter was unethical

due to his elected position on the Defendant Monroe County Board of

Commissioners.  *See* Docket No. 1 Complaint, ¶¶24-48.  "[A]ppealing an adverse

judgement and speaking out against public officials are well-established as

protected conduct." *Paterek v Village of Armada, Michigan*, 801 F.3d 630, 645 (6th

Cir. 2015).

"The plain language of the First Amendment makes clear that a 'petition'

triggers the amendment's protections.  *Campbell*, 509 F.3d at 789 (citation

omitted).  "The filing of a lawsuit to redress grievances is clearly protected under

the First Amendment." *Eckerman v Tenn. Dept of Safety*, 636 F.3d 202, 208 (6th

Cir. 2010) (citing *Thaddeus-X*, 175 F.3d at 396).  For "[t]he right to criticize public

officials is clearly protected by the First Amendment." *Jenkins v Rock Hill Local*

*Sch. Dist.*, 513 F.3d 580, 588 (6th Cir. 2008).  It is well-established within the

Sixth Circuit that "citizens have a First Amendment right to criticize a particular government official." *Lowery v Euverard*, 497 F.3d 584, 587 (6th Cir. 2007). "As a general principal, '[t]here can be no doubt that the freedom to express disagreement with state action, without fear of reprisal based on the expression, is unequivocally among the protections provided by the First Amendment.'" *Barnes v Wright*, 449 F.3d 709, 717 96th Cir. 2006) (quoting *McCurdy*, 240 F.3d at 520).

In fact, the "[f]reedom to criticize public officials and expose their wrongdoing is at the core of the First Amendment values, even if the conduct is motivated by personal pique or resentment." *Barnett v Harrington*, 130 F.3d 246, 263 (6th Cir. 1997). "It is well-settled that the freedom to criticize public officials and expose their wrongdoing is a fundamental First Amendment value, indeed, 'criticism of the government is at the very center of the Constitutionally protected area of free discussion.'" *Arnett v Myers*, 281 F.3d 552, 560 (6th Cir. 2002) (quoting *Rosenblatt v Baer*, 383 U.S. 75, 85, 86 S.Ct. 669, 15 L.Ed.2d 597 (1966)).

Thus, it is abundantly clear that Plaintiff Anders was engaging in protected conduct.

### 2. Adverse Action Was Taken Against Plaintiff Anders.

The next consideration is whether Defendant Lievens "took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct." *Siggers-El v Barlow*, 412 F.3d 693, 699 (6th Cir. 2005). "Whether

a retaliatory action is sufficiently severe to deter a person of ordinary firmness from exercising his or her rights is a question of fact." *Bell v Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). Thus, "unless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should go to the jury." *Id.*

The Sixth Circuit's "First Amendment retaliation cases demonstrate that the harassment necessary to rise to a level sufficient to deter an individual is not extreme." *Holzemer v City of Memphis*, 621 F.3d 512, 524 (6th Cir. 2010) (citation omitted). "[S]ince there is no justification for harassing people for exercising their constitutional rights, [the deterrent effect] need not be great in order to be actionable." *Siggers-El*, 412 F.3d at 701 (citation omitted). As the Sixth Circuit said in *Holzemer*: "We have held that the adverse-action requirement 'is intended to weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment.'" *Holzemer*, 621 F.3d at 524 (quoting *Thaddeus-X*, 175 F.3d at 398). Accordingly, "if a reasonable trier of fact could conclude that a retaliatory act would deter a person from exercising his rights, then the act may not be dismissed at the summary judgment stage." *Siggers-El*, 412 F.3d at 701 (citation omitted).

Plaintiff Anders points to a number of adverse actions. Defendant Lievens began making these false and defamatory statements about the Plaintiff only after Plaintiff advised Defendant Lievens that Plaintiff would not be releasing the trailer

for no charge and that Plaintiff would be proceeding to court to have the storage fees paid for the proper towing of the trailer. *See* Docket No. 1 Complaint, ¶¶45-48. Defendant Lievens began retaliating against the Plaintiff by publishing false and defamatory statements that were detrimental to Plaintiff's business and employment. Defendant Lievens' actions constitute an adverse action against the Plaintiff because Defendant Lievens' conduct was a form of harassment aimed at publicizing false information that was damaging to Plaintiff's reputation and because of the position Defendant Lievens' holds, Defendant Lievens' statements threatened Plaintiff's business and employment. *Fritz v Charter Twp*., 592 F.3d 718, 724,728 (6th Cir. 2010) (Actions sufficient to constitute an adverse action also include "harassment or publicizing facts damaging to a person's reputation," or a "credible threat to the nature and existence of one's ongoing employment.")

Because this case does not involve *de minimis* retaliatory action, this question **cannot** be resolved as a matter of law. It is for the factfinder to decide whether deprivation of such rights "poses a sufficient deterrent threat to be actionable." *Bell*, 308 F.3d at 603. Certainly, the Complaint alleges a set of facts, which, if accepted by the trier of fact, will entitle Plaintiff to relief. To say the least, at this stage in the litigation (i.e., in response to a Rule 12(b)(6) motion to dismiss), this is sufficient to defeat Defendants' motion to dismiss [4].

### 3. The Adverse Actions Were Motivated At Least In Part By Plaintiff Exercising His First Amendment Rights.

The Court must finally consider whether the alleged adverse actions were 'taken at least in part because of the exercise of the protected conduct." *Siggers-El*, 412 F.3d at 699 (citation omitted).  The Sixth Circuit has recognized that a "'motivating factor'...is one without which the action being challenged simply would not have been taken."  *Greene v Barber*, 310 F.3d 889, 897 (6th Cir. 2002). "[P]roof of an official's retaliatory intent rarely will be supported by direct evidence of such intent... Accordingly, claims involving proof of a [defendants] intent seldom lend themselves to summary disposition."  *Block*, 156 F.3d at 682 (quotation marks omitted).  "Consequently, circumstantial evidence may provide sufficient evidence of retaliatory intent to survive summary judgment." *Holzemer,* 621 F.3d at 526.

In this case, a rational jury could readily infer that Defendant Lievens, as chair of the Defendant Monroe County Board of Commissioners, Archer retaliated against Plaintiff because Plaintiff verbally criticized Defendant Lievens' actions of interfering with the proper towing and storage of the trailer of Defendant Lievens' employees. Moreover, there is definitely a temporal proximity that provides the necessary circumstantial evidence.  The Sixth Circuit has found that "the temporal proximity between---filing... grievances and the [adverse action] provides some circumstantial support for a causal connection."  *Smith v Campbell*, 250 F.3d 1032,

1038 (6th Cir. 2001).  Plaintiff did not experience any of the Defendant Lievens'
retaliatory actions until ***after*** Plaintiff refused Defendant Lievens' requests to
release the trailer and Plaintiff verbally criticizing Defendant Lievens' actions.

"Once a plaintiff raises an inference that the defendant's conduct was
motivated in part by the plaintiff's protected activity, the burden shifts to the
defendant to demonstrate that it would have taken the same action in the absence
of the protected activity." *Ctr. for Bio-Ethical Reform Inc. v Napolitano*, 648 F.3d
365, 371-372 (6th Cir. 2011) (internal quotation marks and citation omitted).
Defendants have failed to meet their burden and "demonstrate that [they] would
have taken the same action in the absence of the protected activity." *Id*.  In fact,
Defendants completely ignore and do not address this requirement in their motion
to dismiss [4].

Accordingly, there is ample evidence for a rational jury to infer that the
adverse actions were motivated at least in part by Plaintiff exercising his First
Amendment rights.

### D.      Defendant Lievens Do Not Enjoy Qualified Immunity

Defendant Lievens erroneously asserts that his retaliatory actions are
protected by qualified immunity.  "Qualified immunity may be asserted by
government officials sued in their individual capacity."  Guest v Leis, 255 F.3d
325, 337 (6th Cir. 2001).  "In response to an assertion of qualified immunity, the

plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity." *United Pet Supply, Inc. v City of Chattanooga*, 768 F.3d 464, 478 (6th Cir. 2014) (internal quotation marks and citation omitted). "Under the doctrine of qualified immunity, 'government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known.'" *Heggen v Lee*, 284 F.3d 675, 686 (6th Cir. 2004) (quoting *Harlow v Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982)).

"Qualified immunity involves a two-step inquiry." *Saucier v Katz*, 533 U.S. 194, 201-202, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001). First the Court must ask whether, "taken in the light most favorable to the party asserting the injury, do the facts alleged show the [officials] conduct violated a constitutional right?" *Id*. at 201. "If the party asserting the injury was deprived of his constitutional rights, then the Court must go on to ask whether that right was clearly established." *Lane v City of Lafollette*, 490 F.3d 410, 418 (6th Cir. 2007). "For a right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he [or she] is doing violates that right." *Leonard v Robinson*, 477 F.3d 347, 355 (6th Cir. 2007) (citation and internal quotation marks omitted). "A right is clearly established if there is binding

precedent from the Supreme Court, the Sixth Circuit, the district court itself, or other circuits that is directly on point." *Risbridger v Conelly*, 275 F.3d 565, 569 (6th Cir. 2002) (citation omitted). However, "[t]his is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent." *Wilson v Layne*, 526 U.S. 603, 615, 119 S. Ct. 1692, 143 L.Ed.2d 818 (1999) (quoting Anderson, 483 U.S. at 640). Although Saucier mandated that the questions be addressed in order, that requirement has since been relaxed by the Supreme Court. This Court is "permitted to exercise sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 172 L.Ed.2d 565 (2009).

To alleviate redundancy Plaintiff incorporates his arguments addressing his First Amendment Retaliation Claim. With respect to the second question, "[a]n assertion of qualified immunity may be overcome if the defendants violated a clearly established constitutional right." *United Pet Supply*, 768 F.3d at 484-485. Here Defendant violated the clearly established constitutional right of Plaintiff, because "[t]he law is well settled in this Circuit that retaliation under color of law for the exercise of First Amendment rights is unconstitutional."

*Zilich v Longo*, 34 F.3d 359, 365 (6th Cir. 1994). "[R]etaliation by public officials against the exercise of First Amendment rights is itself a violation of the First Amendment." *Zilich*, 34 F.3d at 364. Moreover, "government retaliation for filing a petition violates the literal language of the Petition Clause." *Gable v Lewis,* 201 F.3d 769, 772 (6th Cir. 2000). "Moreover, a reasonable city official would have known that the Constitution prohibits retaliation for a citizen's exercise of his First Amendment right to Free Speech, whether that speech takes written, oral, or another form." *Holzemer*, 621 F.3d at 527-528. As noted, "the right to criticize public officials is clearly protected by the First Amendment." *Jenkins v Rock Hill Local Sch. Dist*., 513 F.3d 580, 588 (6th Cir. 2008). "[T]he First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out[.]" *Hartman v Moore*, 547 U.S. 250, 256, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006) (citations omitted). And, "no reasonable official could possibly believe that it is constitutionally permissible to retaliate against a political opponent with physical threats, harassment and vandalism. Because officials of reasonable competence could [not disagree on this issue, immunity should [not] be recognized." *Zilich*, 34 F.3d at 365 (internal quotation marks and citation omitted).

Thus, it is clear that Defendants violated Plaintiff's clearly established constitutional right not to be retaliated against for exercising First Amendment

rights.  Consequently, "[i]f the law was clearly established, the immunity defenses ordinarily fail, since a reasonably competent public official should know the law governing his conduct," *Harlow*, 457 U.S. at 818-819, and "discovery should proceed."  *Donta v Hooper*, 774 F.2d 716, 719 (6th Cir. 1985)(citation omitted). Defendant Lievens lacks qualified immunity.

### E.   Defendants Do Not Enjoy Absolute Immunity

Defendants also assert the frivolous argument that they are protected by absolute immunity.  As this Court is aware, "[i]n an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent." *Pusey v City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993).  Accordingly, "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

However, unlike in "individual capacity" suits, a governmental entity or an officer sued in their "official capacity" cannot claim any personal immunities.  A government entity cannot claim any personal immunities, such as quasi-judicial or qualified immunity. *Alkire v Irving,* 330 F.3d 802 at 810-11 (6th Cir. 2003) (citing *Graham,* 473 U.S. at 167, 105 S.Ct. 3099). "The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the

entity, *qua* entity, may possess, such as the Eleventh Amendment." *Id.* at 811 (quoting *Graham,* 473 U.S. at 167, 105 S.Ct. 3099).

Defendants have not asserted sovereign immunity under the Eleventh Amendment, and thus, their immunity defense must be denied.

## F. Defendants' Motion to Dismiss Plaintiff's Equal Protection Claim Must Also Be Denied.

Plaintiff alleges a "class of one" equal protection claim in Count II of Plaintiff's complaint [1]. However, Defendants' motion to dismiss [4] fails to adequately address the merits of Plaintiff's equal protection claim and equally fails to provide any case law or meritorious arguments as to why this count should be dismissed.

As noted in ¶¶ 52-74 of Plaintiff's complaint [1], on September 13, 2018, Plaintiff sent a written request via email under Michigan's Freedom of Information (FOIA) to the Defendants respectfully requesting a copy of "the anonymous letter sent to Monroe County Prosecutor William Nichols 'questioning the business practices of Mr. Anders and Area Towing'". After not receiving a timely response within the statutory deadline set forth under the FOIA, on September 19, 2018, Plaintiff resent his FOIA request to the Defendants and the Monroe County Prosecutor's office.

Again, after not receiving a timely response to his FOIA request, Plaintiff reached out to the Monroe County Prosecutor's office to get an update and status

on Plaintiff's September 13th and 19th, 2018 FOIA requests.  In an email dated September 28, 2018, Michael Roehrig, Chief Assistant Prosecuting Attorney for Monroe County, advised Plaintiff that the Monroe County Prosecutor's office did not retain a copy of the "anonymous letter" and that the Defendants' FOIA coordinator would tender an "official" response.  On that same day, in a letter dated September 28, 2018, Michael Bosanac, on behalf of the Defendant Lievens, issued an "official" response denying Plaintiff's September 13th and 19th, 2018 FOIA requests.

Michael Bosanac's September 28, 2018 denial letter further advised Plaintiff that "In the event that you are not satisfied with this response, we want to advise you of your rights. You have the right to submit a written appeal that specifically states the word "appeal" and identifies the reason or reasons for reversal of this denial, to the Chairman of the Monroe County Board of Commissioners, J. Henry Lievens."  Pursuant to MCL §15.236(1) of the FOIA, because the County of Monroe does not have an executive form of government, the Defendant Lievens is statutorily designated as the FOIA Coordinator for Monroe County.

However, pursuant to MCL §15.236(3) of the FOIA, Defendant Lievens designated Michaael G. Bosanac, the Administrator/Chief Financial Officer for Monroe County, to act in his place as the FOIA Coordinator.  Pursuant to MCL §15.240(1)(a) of the FOIA, on October 15, 2018, Plaintiff's counsel sent a formal

written appeal to the Defendant Lievens appealing the denial of Plaintiff's

September 13th and 19th, 2018 FOIA requests.  **In less than 24 hours**, on October

16, 2018, Defendant Lievens, without taking the matter before the Defendant

Board of Commissioners, issued to Plaintiff's counsel a written denial of Plaintiff's

appeal under the FOIA.

Defendant Lievens personal animus and ill-will towards the Plaintiff

prevented Defendant Lievens from looking at Plaintiff's appeal objectively.

Moreover, due to the personal animus an ill-will Defendant Lievens has towards

the Plaintiff prevented Defendant Lievens from properly presenting Plaintiff's

appeal before the Defendant Board of Commissioners.  Defendant Lievens'

personal animus and ill-will towards the Plaintiff comes from the disagreement

Plaintiff and Defendant Lievens had relative to Plaintiff properly towing the trailer

of Defendant Lievens' employee and Plaintiff refusing to release the trailer to

Defendant Lievens' employee free of charge.   Such actions by Defendants have

denied Plaintiff equal protection under the law under the "class-of-one" theory.

"The Equal Protection Clause prohibits discrimination by government which

either burdens a fundamental right, targets a suspect class, or intentionally treats

one differently than others similarly situated without any rational basis for the

difference." *Tihealth v Bd of Com'rs, Hamilton Co., OH*, 430 F.3d 783, 788 (6th

Cir. 2005).  "A 'class of one' plaintiff may demonstrate that government lacks a

rational basis either by negativing every conceivable basis which might support the government action, or by showing that the challenged action was motivated by animus or ill-will." *Trihealth*, 430 F.3d at 788.  "The purpose of the equal protection clause of the Fourteenth Amend is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Sioux City Bridge Co. v Dakota County*, 260 U.S. 441, 445 (1923) (internal citations and quotation marks omitted).

In the case at bar, Plaintiff's equal protection claim is based on the 'class-of-one' theory.  Defendants Lievens and the Board of Commissioners have treated Plaintiff's FOIA appeal differently than the others.  As Plaintiff has properly pled and alleged, the Defendant Board of Commissioners is the "head of the public body", which is the County of Monroe.  Thus, pursuant to MCL 15.240(3), Defendant Lievens was required to present Plaintiff's appeal to the Defendant Board of Commissioners and not unilaterally decide Plaintiff's appeal without conferring with the other members of the Defendant Board of Commissioners.

Defendants have treated Plaintiff's FOIA appeal differently than all the other similarly situated FOIA appeals, and the Defendants did so because of the personal animus and ill-will Defendant Lievens has against the Plaintiff.   As Plaintiff has alleged, it is apparent that Defendant Lievens has personal animus and ill-will

towards the Plaintiff because Plaintiff refused to release the trailer to Defendant

Lievens' employee free of charge as Defendant Lievens had so requested.  See

*Loesel v City of Frankenmuth*, 692 F.3d 452, 466 (6th Cir. 2012) (quoting

Webster's Third New International Dictionary Unabridged (2002) ("Animus is

defined as 'ill will, antagonism, or hostility usually controlled but deep-seated and

sometimes virulent.' Similarly, ill will is defined as an 'unfriendly feeling:

animosity, hostility.'").

At this stage of the litigation, Plaintiff's has properly pled and alleged a

plausible equal protection "class of one" claim against the Defendants. Discovery

will clearly prove that the Defendant Lievens has a personal animus and dislike for

the Plaintiff, which has caused Plaintiff's FOIA requests to be treated differently in

violation of the Constitution and FOIA statute.

### E.    Plaintiff Has Properly Pled and Alleged FOIA Violations By the Defendants.

Lastly, Defendants' motion to dismiss [4] fails to adequately address how

Plaintiff's state law claims should be dismissed under Rule 12(b)(6).  Plaintiff's

complaint [1], properly pled and alleged in three separate counts (Counts III-V)

how Defendants violated the FOIA with respect to Plaintiff's FOIA request.

Because Defendants' motion to dismiss [4] does not specially address how

Plaintiff's state law claims warrant dismissal, there is simply nothing for Plaintiff

to address other than providing the legal basis for which this Court should exercise supplemental jurisdiction over Plaintiff's state law claims.

Accordingly, because Plaintiff has filed a well-pleaded complaint [1], in order to alleviate redundancy, Plaintiff incorporates by reference all of the allegations and facts as pled and alleged in each of the numbered paragraphs for Counts III-V of Plaintiff's complaint [1]. Accepting "as true all the allegations contained in the complaint and constru[ing] the complaint liberally in favor of the plaintiff," *Kottmyer,* 436 F.3d at 688, Plaintiff has undoubtedly "has pleaded a cognizable claim" under Michigan's FOIA statute. *Marks*, 342 F.3d at 452.

Therefore, because Plaintiff's federal claims should survive Defendants' motion to dismiss [4], this Court should exercise its discretion and in the interest of judicial economy, exercise supplemental jurisdiction over Plaintiff's state-law claims. For as this Court is aware, supplemental jurisdiction "'is a doctrine of discretion, not of plaintiff's right.'" *Baer v. R & F Coal Co.,* 782 F.2d 600, 603 (6th Cir.1986) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Here, in the case at bar, if this Honorable Court denies Defendants' motion to dismiss [4], it would **not** be an abuse of discretion for the Court to exercise jurisdiction over Plaintiff's state-law claims pled in Counts III-VI.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff prays that this

Honorable Court DENY Defendants' Motion to Dismiss [4].

**Dated: February 17, 2019**                    Respectfully submitted,

                                                                /s/ ANDREW A. PATERSON
                                                                ANDREW A. PATERSON (P18690)
                                                                Attorney for Plaintiff
                                                                2893 E. Eisenhower
                                                                Ann Arbor, MI 48108
                                                                (248) 568-9712

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that forgoing document(s) was filed

and served via the Court's electronic case filing and noticing system (ECF) this

17th day of February, 2019, which will automatically send notification of such

filing to all attorneys and parties of record registered electronically.

Dated: February 17, 2019                    Respectfully submitted,

                                                                */s/ ANDREW A. PATERSON*
                                                                ANDREW A. PATERSON (P18690)
                                                                Attorney for Plaintiff
                                                                2893 E. Eisenhower Pkwy
                                                                Ann Arbor, MI 48108
                                                                (248) 568-9712
                                                                aap43@outlook.com