UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANE ANDERS,

    Plaintiff,

v.

J. HENRY LIEVENS,

    Defendants.
_____/

Case No. 18-cv-13942

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [#4]**

## I. INTRODUCTION

Plaintiff initiated this suit on December 18, 2018, alleging several civil rights violations under § 1983. Dkt. No. 1. Defendants now move to dismiss all claims in Plaintiff's Complaint. Dkt. No. 4.

Present before the Court is Defendants' Motion to Dismiss [#4]. The Court will resolve the matter without a hearing. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the Court will GRANT the Motion IN PART and DENY the Motion IN PART.

## II. BACKGROUND

Plaintiff Shane Anders is the owner of Area Towing, a business operating in the state of Michigan. Dkt. No. 1, p. 2 (Pg. ID 2). On November 21, 2017, a court

-1-

officer requested Plaintiff to remove all vehicles from a location where a tenant was being evicted. *Id.* at p. 3 (Pg. ID 3). Among the vehicles that Plaintiff removed and impounded was a Denali travel trailer purportedly registered to a woman named Michelle Rae Yoscovits ("Yoscovits"). *Id.* at p. 4 (Pg. ID 4).

On June 11, 2018, Yoscovits came to Plaintiff's office and demanded that he release the trailer to her immediately. *Id.* Plaintiff explained that he could not do so because the trailer was part of an ongoing bankruptcy proceeding, and he would thus need authorization from the court. *Id.* On July 6, 2018, Plaintiff received a call from a man named J. Henry Lievens ("Defendant Lievens"), again demanding that Plaintiff immediately release the trailer to Yoscovits. *Id.* at p. 5 (Pg. ID 5). Plaintiff declined. *Id.* at p. 6 (Pg. ID 6). Defendant Lievens is an attorney and the Chairman of the Monroe County Board of Commissioners. *Id.* at p. 2 (Pg. ID 2). Yoscovits is an employee at Defendant Lievens' law firm. *Id.* at p. 9 (Pg. ID 9).

On August 3, 2018, Plaintiff claims to have received a call from Monroe County Commissioner David Hoffman, informing him that Defendant Lievens had been "bad mouthing" Plaintiff and his company for "allegedly breaking the law." *Id.* at pp. 6-7 (Pg. ID 6-7). Plaintiff asserts that he received a second call from Commissioner Hoffman on September 19, 2018, again informing him that Defendant Lievens had been making "false and defamatory statements" about Plaintiff. *Id.* at p. 7 (Pg. ID 7). Later that day, Plaintiff called Defendant Lievens

and explained that "as an elected official, he should not be making false and defamatory statements about the Plaintiff considering such false statements could jeopardize Plaintiff's business." *Id.* According to Plaintiff, Defendant Lievens immediately hung up the phone. *Id.* at p. 8 (Pg. ID 8).

Following this conversation, Plaintiff allegedly received another call from a member of the Monroe County Board of Commissioners -- Commissioner Moore. *Id.* at p. 8 (Pg. ID 8). Commissioner Moore, like Commissioner Hoffman, informed Plaintiff that Defendant Lievens had been making statements about Plaintiff suggesting he was violating the law. *Id.* Subsequently, Plaintiff had his attorney send a cease and desist letter to Defendant Lievens, requesting that he refrain from making any further defamatory remarks. *Id.* at pp. 8-9 (Pg. ID 8-9).

At some point, Plaintiff learned of an "anonymous letter" allegedly sent to Monroe County Prosecutor William Nichols that questioned Plaintiff's business practices. *See id.* at p. 10 (Pg. ID 10). On September 13, 2018, Plaintiff sent a Freedom of Information Act ("FOIA") request to the Monroe County Board of Commissioners seeking this letter. *Id.* After not receiving a response, Plaintiff sent a second FOIA request on September 19, 2018 to both the Board of Commissioners and the County Prosecutor's Office. *Id.*

In an email dated September 28, 2018, Michael Roehrig, Chief Assistant Prosecuting Attorney, advised Plaintiff that the Office was not in possession of the

anonymous letter and that the Board of Commissioners' FOIA coordinator would tender an official response. *Id.* at p. 11 (Pg. ID 11). That same day, Michael Bosanac, the Board of Commissioners' designated FOIA coordinator, issued a letter denying Plaintiff's FOIA request. Bosanac's letter informed Plaintiff that the document he requested did not exist. Dkt. No. 4-1. The letter further informed Plaintiff that he could appeal the denial to the Board of Commissioners' Chairman -- Defendant Lievens. Dkt. No. 1, p. 11 (Pg. ID 11). On October 15, 2018, Plaintiff sent Defendant Lievens a formal written request appealing the denial. *Id.* at p. 12 (Pg. ID 12). Within twenty-four hours, Defendant Lievens denied Plaintiff's FOIA appeal. *Id.*

Plaintiff now files suit raising several state and federal claims. First, Plaintiff raises a First Amendment Retaliation claim, alleging Defendant Lievens' made defamatory remarks -- under the color of state law -- about Plaintiff's business following Plaintiff's refusal to release Ms. Yoscovits' Denali travel trailer from impound. Second, Plaintiff raises a Fourteenth Amendment "Class-of-One" Equal Protection claim, alleging Defendant Lievens treated his FOIA appeal differently than others by issuing a denial without first presenting the appeal to the entire Board of Commissioners. Finally, Plaintiff raises several claims arising under Michigan state law, including (1) failing to timely respond to a FOIA

request, (2) failing to disclose documents sought in a FOIA request, and (3) denying a FOIA appeal without due process.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted) (quoting FED. R. CIV. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678–80 (applying the plausibility standard articulated in *Twombly*).

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of his or her factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir.

2008). However, the Court need not accept mere conclusory statements or legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

### A. Plaintiff's First Amendment Retaliation Claim Must be Dismissed Because there is No Indication that Defendant Lievens was Acting Under the Color of State Law when he Allegedly Made Defamatory Remarks About Plaintiff's Business.

Count One of Plaintiff's Complaint raises a First Amendment Retaliation claim, alleging Defendant Lievens' made defamatory remarks -- under the color of state law -- about Plaintiff's business following Plaintiff's refusal to release Ms. Yoscovits' Denali travel trailer from impound. Defendants argue that this claim must be dismissed because Defendant Lievens was not acting under the color of state law, a requirement for liability under § 1983. The Court will agree.

"Section 1983 is generally not implicated unless a state actor's conduct occurs in the course of performing an actual or apparent duty of his office, or unless the conduct is such that the actor could not have behaved as he did without the authority of his office." *Waters v. City of Morristown, TN*, 242 F.3d 353, 359 (6th Cir. 2001). "[A] defendant's private conduct, outside the course or scope of his duties and unaided by any indicia of actual or ostensible state authority, is not conduct occurring under color of state law." *Id.* "For the purposes of a state-action analysis, there can be no pretense of acting under color of state law if the challenged conduct is not related in some meaningful way either to the actor's

governmental status or the performance of his duties." *Id.*  In other words, "[t]he conduct allegedly causing the deprivation of a constitutional law must be 'fairly attributable' to the state." *Id.* (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Here, Plaintiff's Complaint fails to state any facts indicating Defendant Lievens was acting under the color of state law when he allegedly made disparaging remarks aimed at Plaintiff's business.  Plaintiff's sole factual claims are that he received calls from two County Commissioners on three different occasions informing him that Defendant Lievens had been bad-mouthing Plaintiff's business.  *See* Dkt. No. 1, pp. 6-8 (Pg. ID 6-8).  But even if true, these remarks were some "that any private citizen could have [made] without the aid of official authority."  *See Hilton v. Mish*, 224 F. Supp. 3d 595, 602 (W.D. Mich. 2016) (holding City Attorney was not acting under the color of state law when she sent a private email criticizing plaintiffs who had filed a lawsuit against the city of Grand Rapids, Michigan).  Indeed, Plaintiff does not allege that Defendant Lievens made these remarks, for example, during an official, publicly-held Board meeting.

Moreover, Defendant Lievens' alleged remarks did not pertain to matters falling under his purview as a Commissioner.  *See Waters*, 242 F.3d at 360 (holding defendant was not acting under the color of state law where his private actions had no connection to his responsibilities as a city council member and were

not done in furtherance of any city business). According to Plaintiff, Defendant Lievens made remarks suggesting Plaintiff was breaking the law. *See* Dkt. No. 1, pp. 6-8 (Pg. ID 6-8). But it is the County Prosecutor's Office, not the Board of Commissioners, that would be responsible for investigating and prosecuting such allegations. *See* MCL 45.556 (describing the vested powers of the Board of Commissioners). And though Plaintiff suggests that the anonymous letter allegedly sent to the Prosecutor's Office may have come from Defendant Lievens, the fact that the letter was sent anonymously cuts against any inference that Defendant Lievens was acting pursuant to his official capacity as a Commissioner.

Finally, it is important to remember that Defendant Lievens was only one member of a nine-member Board of Commissioners. *See* Dkt. No. 1, pp. 2-3 (Pg. ID 2-3). Therefore, Defendant Lievens was not authorized to take any legislative action, on behalf of the County, by himself. *See Waters*, 242 F.3d at 360 (noting actions taken on behalf of the city required concurrence from three-fifths of the council). Further, there are no allegations that Defendant Lievens encouraged his fellow Commissioners to take adverse legislative actions against Plaintiff's business. Nor are there allegations that the Commissioners took adverse legislative actions against Plaintiff's business.

In short, nothing in Plaintiff's Complaint suggests Defendant Lievens was acting under the color of state law when he allegedly made disparaging remarks

aimed at Plaintiff's business.  Rather, these alleged remarks were some that any private citizen could have made without the aid of official authority.  Plaintiff therefore fails to state a First Amendment Retaliation claim arising under § 1983.  Accordingly, the Court will Dismiss Count One of Plaintiff's Complaint.

### B. Plaintiff has Adequately Pled a Fourteenth Amendment "Class-of-One" Equal Protection Claim.

Count Two of Plaintiff's Complaint raises a Fourteenth Amendment "Class-of-One" Equal Protection claim, alleging Defendant Lievens treated his FOIA appeal differently than others by issuing a denial without first presenting the appeal to the entire Board of Commissioners.  Defendants argue that Plaintiff's claim is fruitless because the anonymous letter he seeks does not exist.[1]  This argument, however, fails to address the merits of Plaintiff's specific allegations.  Plaintiff's concern under Count Two is not the outcome of his FOIA appeal, but instead the manner in which that decision was reached.  Plaintiff maintains that Defendant Lievens made this decision alone and without consulting the other Commissioners -- contrary to legislative authority.  If true, this adequately states a Fourteenth Amendment Equal Protection claim.

"The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats

---

[1] Defendants also suggest that Defendant Lievens is entitled to absolute immunity for his legislative acts.  But Defendants offer no support for the proposition that approving or denying a FOIA request/appeal constitutes a legislative act.

one differently than others similarly situated without any rational basis for the difference." *TriHealth, Inc. v. Bd. of Com'rs, Hamilton Cty., Ohio*, 430 F.3d 783, 788 (6th Cir. 2005) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)). "A 'class of one' plaintiff may demonstrate that government action lacks a rational basis by either negativing every conceivable basis which might support the government action, or by showing that the challenged action was motivated by animus or ill-will." *Id.* (citing *Warren v. City of Athens, Ohio*, 411 F.3d 697, 710-11 (6th Cir. 2005)).

Michigan Compiled Law § 15.236 designates the chairperson of a county board of commissioners as the FOIA coordinator for that county. MCL § 15.236. It is this individual, or their designee, that is responsible for granting or denying initial FOIA requests. *See* MCL § 15.235(6). An appeal of a denial, however, is to be considered and decided by the "head of the public body." MCL § 15.240(2). Here, neither party disputes that the Board of Commissioners is the head of the public body for Monroe County, Michigan.

According to Plaintiff, Defendant Lievens holds animus and ill-will towards him because he denied Defendant Lievens' request to release Ms. Yoscovits' Denali travel trailer from impound. Acting on this animus, Plaintiff claims that Defendant Lievens circumvented his obligation to present Plaintiff's FOIA appeal to the entire Board of Commissioners, and instead acted unilaterally to deny the

appeal, contrary to legislative mandate. *See Loud v. Lee Twp.*, 2007 WL 258312, at *3 (Mich. App. Ct. Jan. 30, 2007) ("The FOIA provides for two different decisionmakers in the process of a person making an FOIA request, having the request denied, and then appealing the denial. First, the [FOIA Coordinator] decides whether to grant or to deny the request. Second, the 'head of the public body' decides whether to uphold or to reverse [the FOIA Coordinator's] denial of the request.") (internal citations omitted). Plaintiff's allegations, assuming their truth, adequately state a "Class-of-One" Equal Protection claim. *Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the Court will decline to dismiss Count Two of Plaintiff's Complaint.

### C. Plaintiff has Adequately Pled State Law Violations Arising Under Michigan's Freedom of Information Act.

Counts Three, Four, and Five of Plaintiff's Complaint allege violations of Michigan's Freedom of Information Act. The Court finds that Plaintiff has adequately pled these state law claims.

Count Three alleges Defendants violated MCL § 15.235(2) by not responding to Plaintiff's FOIA request within five business days, as required by statute. *See* MCL § 15.235(2) ("Unless otherwise agreed to in writing by the person making the request, a public body shall respond to a request for a public

record within 5 business days after the public body receives the request."). Here, Plaintiff asserts that he sent FOIA requests to Defendants on September 13 and September 19, 2018, but did not receive a response until September 28, 2018. *See* Dkt. No. 1, pp. 15-16 (Pg. ID 15-16). If true, this would appear to establish a violation of MCL § 15.235(2). *See Scharret v. City of Berkley*, 249 Mich. App. 405, 412 (2002) ("Because M.C.L. § 15.235 is clear and unambiguous, defendant's failure to respond to plaintiff's October 9, 2000, request within five business days constituted a final determination to deny plaintiff's request and a violation of the FOIA."); *see also Hartzell v. Maryville Community School Dist.*, 183 Mich. App. 782 (1990) ("We would concede that the nonexistence of a record is a defense for the failure to produce or allow access to the record. However, it is not a defense to the failure to respond to a request for a document with the information that it does not exist."). Accordingly, Plaintiff has adequately pled a claim under Count Three of the Complaint.

Count Four alleges Defendants violated Michigan's Freedom of Information Act by not disclosing the anonymous letter that Plaintiff sought through his FOIA request. Plaintiff maintains that the anonymous letter exists, despite Defendants' denial. This allegation, if true, would establish that Defendants violated their obligation under Michigan's Freedom of Information Act. Accordingly, the Court finds that Plaintiff states a plausible claim under Count Four of the Complaint.

Finally, Count Five alleges Defendant Lievens violated Michigan's Freedom of Information Act by unilaterally deciding Plaintiff's FOIA appeal without first conferring with the entire Board of Commissioners. Plaintiff relies on MCL § 15.240(3), which provides:

> A board or commission that is the head of a public body is not considered to have received a written appeal under subsection (2) until the first regularly scheduled meeting of that board or commission following submission of the written appeal under subsection (1)(a). If the head of the public body fails to respond to a written appeal pursuant to subsection (2), or if the head of the public body upholds all or a portion of the disclosure denial that is the subject of the written appeal, the requesting person may seek judicial review of the nondisclosure by commencing a civil action under subsection (1)(b).

MCL § 15.240(3). Plaintiff asserts that the entire Board of Commissioners, as head of the public body, was required to consider and decide his FOIA appeal. Because Defendant Lievens allegedly decided his appeal without first conferring with the other Commissioners, Plaintiff contends that this establishes a violation of Michigan's Freedom of Information Act. Again, the Court finds that Plaintiff states a plausible claim under Count Five of the Complaint.

### V. CONCLUSION

For the reasons stated herein, the Court will GRANT Defendants' Motion to Dismiss IN PART and DENY the Motion IN PART [#4]. Count One of Plaintiff's Complaint is hereby DISMISSED.

IT IS SO ORDERED.

Dated: April 9, 2019

                                              s/Gershwin A. Drain
                                              HON. GERSHWIN A. DRAIN
                                              United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 9, 2019, by electronic and/or ordinary mail.

                                              s/Teresa McGovern
                                              Case Manager